UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **CONVEYOR AGGREGATE PRODUCTS CORPORATION,** *Plaintiff* | § § § § | |
| | § | **Case No. 4:18-cv-00020-DC-DF** |
| **VS** | § § | |
| **ALBA L. BENITEZ, CONVEYOR CONSULTING AND RUBBER CORPORATION, AND RONALD D. FERNANDES,** *Defendants* | § § § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, **Conveyor Aggregate Products Corporation**, files this First Amended Complaint[1] complaining of Defendants, **Alba L. Benitez**, **Conveyor Consulting and Rubber Corporation (formerly known as BMG Conveyor Consulting and Rubber Corporation)**, and **Ronald D. Fernandes**, and respectfully shows the Court as follows:

### Discovery

1.      Discovery in this case is governed by the Federal Rules of Civil Procedure and the Court's Scheduling Order [ECF Doc. 15] filed on July 19, 2018.

### Parties

2.      Plaintiff, Conveyor Aggregate Products Corporation ("Plaintiff" or "CAPC"), is a Texas corporation with its principal office in Tarrant County, Texas.

---

[1] Plaintiff originally initiated this case by filing an Original Petition in the 109th Judicial District Court of Winkler County, Texas.  Since Defendants removed this case from the state court to this Court, Plaintiff will use the term "complaint" in connection with this amended pleading.

3.      Defendant, Alba L. Benitez ("Benitez"), an individual who is a nonresident of Texas, whose home is located at 2504 Mexican Sun Dr., Lutz, Florida 33559-7301, Hillsborough County.  Benitez has appeared by Original Answer filed on June 5, 2018 [ECF Doc. 2].

4.      Defendant, Conveyor Consulting and Rubber Corporation (formerly known as BMG Conveyor Consulting and Rubber Corporation) ("CCRC"), a foreign corporation organized and existing under the laws of Florida, whose principal address is located at 2511 Destiny Way, Odessa, Florida 33556.  CCRC has appeared by Original Answer filed on June 5, 2018 [ECF Doc. 2].

5.      Defendant, Ronald D. Fernandes ("Fernandes"), an individual who is a nonresident of Texas, whose home is located at 2504 Mexican Sun Dr., Lutz, Florida 33559-7301, Hillsborough County.  Fernandes filed a Motion to Dismiss and Brief in Support on June 5, 2018 [ECF Doc. 3], which is pending before this Court.  As reflected in Plaintiff's Response to the Motion to Dismiss, and as alleged further herein, Fernandes has more than adequate contacts with this state to exercise jurisdiction over him consistent with due process constraints.

### Jurisdiction

6.      Defendants removed this lawsuit pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.  Plaintiff has not challenged Defendants' removal to this Court.

### Venue

7.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**Facts**

8.      Plaintiff is a Texas corporation that offers fabrication and onsite services in connection with conveyor belts in a wide variety of industries.  Belt Maintenance Group, Inc. ("Belt Maintenance Group") was a Florida corporation formed in 2004.  According to records of the Florida Secretary of State, Belt Maintenance Group was dissolved in 2011.  The Articles of Dissolution were signed by Defendant Alba L. Benitez, though the cover letter accompanying the Articles of Dissolution direct correspondence concerning the matter to Defendant Ronald D. Fernandes, her husband and business partner.

9.      In 2010, Benitez—acting individually and on behalf of Belt Maintenance Group (which had registered to do business in Texas)—executed an Asset Purchase Agreement ("Agreement") whereby Plaintiff purchased certain assets (more specifically identified in the Agreement) of Belt Maintenance Group.  At that time, Belt Maintenance Group (of which Benitez was President and a shareholder), was conducting business in Texas under the names *Belt Maintenance Group* and *BMG* at locations in Daingerfield, Texas and San Antonio, Texas.  The Agreement was negotiated with Defendant Fernandes, who at all times during the process was the authorized representative of Belt Maintenance Group and Defendant Benitez.

10.     The Agreement provides that one of the "*Assets*" being purchased by Plaintiff was "all right, title and interest in and the right to use the name, copyright, domain name, and related marks "*Belt Maintenance Group* [sic] *or "BMG"* and any other names and marks so similar as to require consent of [Belt Maintenance Group] to their rightful use, as well as any other trade name(s) and mark(s) utilized in connection with the operation of the Business.

11.     In Section 5.2 of the Agreement (labeled: <u>*Covenant Not to Compete*</u>), Belt Maintenance Group and Benitez jointly and severally agreed that for a period of ten (10) years

from the closing date of the Agreement, such period not to include any period of violation of the Agreement or period to enforce the covenants in the Agreement, neither Belt Maintenance Group nor Benitez would:

> …directly or indirectly, alone or for the account of each other or any other, or as a partner, member, employee, advisor, or agent of any partnership or joint venture, or as a trustee, officer, director, shareholder, employee, advisor, or agent of any corporation, trust, or other business organization or entity, own, manage, advise, encourage, support, operate, join, control, or participate in the ownership, management, operation, or control of or be employed by or connected in any manner with any business (i) which solicits business which is or proposed to engage in any business similar to the Business when the intent of the purchase of any product or service is to use the product or service within the United States of America, and (ii) whose primary business is in or may be in the conveyor belt service and/or conveyor belt sales business….

12.     The Agreement provides that it is enforceable against Belt Maintenance Group and Benitez "in accordance with its terms."

13.     Around this same time in 2010, Defendant Fernandes executed a "Lifecycle™ - Web Application Service Agreement" (the "Lifecycle Agreement") with Plaintiff's parent organization. The Lifecycle Agreement was executed by Fernandes individually and on behalf of BMG Latin America, Inc. ("BMGLA") and dated November 9, 2010. Fernandes specifically agreed therein that Texas law governed the agreement, and that is was performed in Texas—further showing Fernandes' purposeful availment of Texas law and jurisdiction. The stated term of the Lifecycle Agreement is five (5) years.

14.     The Lifecycle Agreement includes its own "Covenant Not to Compete" by which BMGLA and Fernandes jointly and severally agreed "that for the Term of [the Lifecycle Agreement] and two (2) years following the expiration of such Term, such period not to include

any period of violation hereof or period to enforce the covenants herein, neither BMGLA nor

Fernandes will:

> (a) directly or indirectly, alone or for the account of each other or
> any other, or as a partner, member, employee, advisor, or agent
> of any partnership or joint venture, or as a trustee, officer,
> director, shareholder, employee, advisor, or agent of any
> corporation, trust, or other business organization or entity, own,
> manage, advise, encourage, support, operate, join, control, or
> participate in the ownership, management, operation, or control
> of or be employed by or connected in any manner with any
> business (i) which solicits its business from within the United
> States of America when the intent of the purchaser of any
> product or service is to use the product or service within the
> United States of America, and (ii) whose primary business is in
> or may be in the conveyor belt service and/or conveyor belt sales
> business...."

15.    On February 24, 2014, Electronic Articles of Incorporation for BMG Conveyor

Consulting and Rubber Corporation were filed with the Florida Secretary of State by Ronald D

Fernandes, the husband and business partner of Defendant Benitez.  BMG Conveyor Consulting

and Rubber Corporation changed its name to Conveyor Consulting and Rubber Corporation on

July 13, 2017, but it continued (and continues) to use "BMG" in its public presence.

16.    On information and belief, Benitez and Fernandes, using the newly formed entity,

violated the terms of the Agreement by directly or indirectly managing, advising, encouraging,

supporting, and/or otherwise participating in CCRC's solicitation of business in Texas in

connection with conveyor belt service and sales, including by not necessarily limited to business

in Kermit, Texas.

## Cause of Action

### A.  Breach of Contract

17.    Plaintiff incorporates the above factual allegations by reference in support of its

claim for breach of contract.

18.     Plaintiff and Benitez entered into a valid and enforceable written contract. Plaintiff performed its obligations under the contract. Benitez breached the contract by directly or indirectly managing, advising, encouraging, supporting, and/or otherwise participating in CCRC's solicitation of business in Texas in connection with conveyor belt service and sales. Benitez's breach caused injury to Plaintiff, which resulted in unliquidated damages and lost profits and/or unjust enrichment in the form of Defendants' earnings from such breach. The full extent of harm to Plaintiff and/or unjust enrichment of Defendants is the subject of ongoing discovery.

19.     In addition to monetary damages, Plaintiff seeks the equitable relief of specific performance. Specifically, Plaintiff seeks a court order: (1) that Benitez and CCRC discontinue all use of the names "Belt Maintenance Group" and/or "BMG," whether used alone or as part of a name; and (2) that Benitez and CCRC be prohibited from soliciting conveyor belt sales or service opportunities in the United States of America through at least November 10, 2020. The Agreement should be enforced against CCRC and Fernandes because Benitez has significantly aided, abetted, consulted, or advised CCRC and Fernandes, even though the Agreement forbids such actions.

## B.  Permanent Injunctive Relief

20.     Plaintiff requires injunctive relief to prevent Defendants from continuing to violate or assist in the violation of the terms of the Agreement, including: (1) the obligation not to use the name, copyright, domain name, and related marks *"Belt Maintenance Group"* or *"BMG"* and any other names and marks so similar as would have required consent of Belt Maintenance Group to their rightful use, as well as any other trade name(s) and mark(s) that Belt Maintenance Group used in connection with its business; and (2) the obligation, until at least November 10, 2020, not to directly or indirectly, alone or for the account of each other or any other, or as a partner, member, employee, advisor, or agent of any partnership or joint venture, or as a trustee, officer, director,

shareholder, employee, advisor, or agent of any corporation, trust, or other business organization or entity, own, manage, advise, encourage, support, operate, join, control, or participate in the ownership, management, operation, or control of or be employed by or connected in any manner with any business (i) which solicits business which is or proposed to engage in any business similar to the business of Plaintiff when the intent of the purchase of any product or service is to use the product or service within the United States of America, and (ii) whose primary business is in or may be in the conveyor belt service and/or conveyor belt sales business.

21.    Plaintiff has alleged a cause of action against Defendants, and as indicated in this petition and in the Affidavit of Bob Purvis, which is attached as Exhibit A and incorporated by reference, Plaintiff has shown a probable right of recovery and likelihood of success on the merits, Plaintiff will suffer continued, imminent, irreparable harm without Court intervention, and there is no adequate remedy at law.

22.    As a direct and proximate result of Defendants' wrongful actions as alleged in this petition, Plaintiff has suffered and will continue to suffer imminent injury that will be irreparable and for which no remedy at law exists without the protections of injunctive relief.  The only adequate, effective, and complete relief to Plaintiff is to restrain Defendants from further engaging in certain proscribed activities, as set forth above.

## Attorney Fees

23.    Plaintiff is entitled to an award of reasonable and necessary attorney fees and costs under Texas Civil Practice and Remedies Code Chapter 38.

## Conditions Precedent

24.    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## Prayer

WHEREFORE, Plaintiff respectfully prays that the Court issue citations for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Monetary damages, as alleged herein;

b. Permanent injunctive relief as requested above;

c. Pre-judgment and post-judgment interest to the extent permitted by law;

d. Attorney fees;

e. All costs of suit; and

f. Such other and further relief, at law or in equity, to which Plaintiff may show itself to be entitled.

Respectfully Submitted,

**PAKIS, GIOTES, PAGE & BURLESON, P.C.**
P.O. Box 58
Waco, Texas  76703-0058
(254) 297-7300
(254) 297-7301  *Fax No.*
*cosby@pakislaw.com*
*mataga@pakislaw.com*

By: */s/ Michael G. Cosby*
       MICHAEL G. COSBY
       Bar Card No. 04847500
       MARCUS MATAGA
       Bar Card No. 24083455

Attorneys for Plaintiff

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record named below via ECF on October 5th, 2018.

Robert J. Wood, Jr
T. Blake Edwards
LINDQUIST WOOD EDWARDS LLP
1700 Pacific Ave., Suite 1810
Dallas, Texas 75201
(214) 953-0410 – fax
*robert@mylawteam.com*
*blake@mylawteam.com*

/s/ *Michael G. Cosby*

STATE OF TEXAS              §
                           §    **AFFIDAVIT OF BOB PURVIS**
COUNTY OF _Dallas_         §

Before me, the undersigned notary, on this day personally appeared Bob Purvis, the affiant, whose identity is known to me. After I administered an oath to him, upon his oath, he stated:

1.    "My name is Bob Purvis. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    I am the CEO of Purvis Industries, which owns Conveyor Aggregate Products Corporation and I am authorized to make this Affidavit.

3.    In 2010, I negotiated an Asset Purchase Agreement (the "Agreement") between Conveyor Aggregate Products Corporation and Belt Maintenance Group, Inc. ("Belt Maintenance Group"). Throughout the negotiations, I dealt with Ronald D. Fernandes ("Fernandes"), who at all times held himself out as an authorized representative of Belt Maintenance Group.

4.    The Agreement included the purchase of all right, title and interest in and the right to use the name, copyright, domain name, and related marks "*Belt Maintenance Group*" and "*BMG*." I learned that Fernandes was acting as president of "BMG Conveyor Consulting and Rubber Corporation." Even as of March 2018, the website "www.bmgconveyor.com" re-directs to "ccrconveyor.com," the website for Conveyor Consulting and Rubber Corporation ("CCRC"). Posts on the "ccrconveyor.com" website include the name "BMG" and are identified as made by "Ron Fernandes."

5.    The Agreement also contains a covenant not to compete that prohibits Belt Maintenance Group and Alba Benitez from directly or indirectly, alone or for the account of each other or any other, or as a partner, member, employee, advisor, or agent of any partnership or joint venture, or as a trustee, officer, director, shareholder, employee, advisor, or agent of any corporation, trust, or other business organization or entity, own, manage, advise, encourage, support, operate, join, control, or participate in the ownership, management, operation, or control of or be employed by or connected in any manner with any business (i) which solicits business which is or proposed to engage in any business similar to the Business when the intent of the purchase of any product or service is to use the product or service within the United States of America, and (ii) whose primary business is in or may be in the conveyor belt service and/or conveyor belt sales business for a period of ten (10) years.

6.    I have confirmed that employees of CCRC were soliciting business from a Conveyor Aggregate Products Corporation customer in Kermit, Texas, in violation of the foregoing obligations."

*Affidavit of Bob Purvis*
{PURVIS/00218/00352581}

Page 1 of 2

**EXHIBIT "A"**

FURTHER AFFIANT SAYETH NOT.



BOB PURVIS, CEO
Conveyor Aggregate Products Corporation

SUBSCRIBED AND SWORN TO before me on the _30_ day of ~~March~~ April 2018, to

certify which witness my hand and official seal.

AMI BLACKMON
Notary ID #129613578
My Commission Expires
November 10. 2021

Notary Public